1200/15-6757.ESX/lab/bja

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| CHASE CALDWELL, | ) |
| Plaintiff, | ) |
| v. | ) Cause No.: 2:14-cv-00455-RL-PRC |
| JESSE KLEMZ; WILLIAM KNAPP; JAMIE EROW; and TIMOTHY BELL, | ) |
| Defendants. | ) |

## DEFENDANTS JESSE KLEMZ, WILLIAM KNAPP, JAMIE EROW, AND TIMOTHY BELL'S ANSWER TO THE PLAINTIFF'S COMPLAINT

COME NOW, the Defendants, JESSE KLEMZ, WILLIAM KNAPP, JAMIE EROW, and TIMOTHY BELL, by and through one of their attorneys, LISA A. BARON (#30517-64), of KNIGHT, HOPPE, KURNIK & KNIGHT, LTD., and for their Answer to the Plaintiff's Complaint state as follows:

### I. PARTIES

#### A. Plaintiff

Defendants lack sufficient knowledge and information so as to form a belief as to the truth or falsity of the allegations contained in Section I of the Plaintiff's Complaint.

#### B. Defendants

1. Defendants admit that Jesse Klemz is employed by the Porter County Sheriff's Department located at 2755 S. State Rd. 49, Valparaiso, Indiana 46383.

2. Defendants admit that William Knapp is employed by the Porter County Sheriff's Department located at 2755 S. State Rd. 49, Valparaiso, Indiana 46383.

1

3. Defendants admit that Jamie Erow is employed by the Porter County Sheriff's Department located at 2755 S. State Rd. 49, Valparaiso, Indiana 46383.

4. Defendants admit that Timothy Bell is employed by the Porter County Sheriff's Department located at 2755 S. State Rd. 49, Valparaiso, Indiana 46383.

## II. CAUSES OF ACTION

1. These Defendants deny the allegations contained in Plaintiff's Paragraph No. 1, and specifically deny that any violation of 18 U.S.C. § 241.

2. The Defendants deny the allegations contained in Plaintiff's Paragraph No. 2.

3. The Defendants admit that Timothy Bell, Jamie Erow, Jesse Klemz, and William Knapp were present during the Plaintiff's arrest on February 18, 2014, but specifically deny the remaining allegations contained in Plaintiff's Paragraph No. 3.

## III. PREVIOUS LAWSUITS

Defendants offer no response to Section III of the Plaintiff's Complaint as there is no information contained therein.

## IV. RELIEF

Defendants lack sufficient knowledge and information so as to form a belief as to the truth or falsity of the allegations contained in Section V of the Plaintiff's Complaint.

WHEREFORE, the Defendants, KLEMZ, KNAPP, EROW and BELL, deny that the Plaintiff is entitled to any relief whatsoever.

## DEFENDANTS' AFFIRMATIVE DEFENSES

COME NOW, the Defendants, KLEMZ, KNAPP, EROW, and BELL, by and through one of their attorneys, LISA A. BARON (#30517-64) of KNIGHT, HOPPE, KURNIK & KNIGHT, LTD., and in further Answer to the Plaintiff's Complaint submits the following Affirmative Defenses, and state as follows:

### FIRST AFFIRMATIVE DEFENSE

To the extent that the Complaint pleads an individual capacity claim, with respect to Defendants Jesse Klemz, William Knapp, Jamie Erow and Timothy Bell, at all relevant times, their actions were reasonable in light of the circumstances presented and they were not otherwise on notice of any alleged constitutional deprivation and therefore, these Defendants are entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his injuries and/or damages.

### THIRD AFFIRMATIVE DEFENSE

The contributory fault of the Plaintiff operates as a complete bar to the recovery of the Plaintiff with respect to any State Law claims directed against these Defendants in this action. Contributory negligence operates as a complete bar with respect to these Defendants as the Comparative Fault Act does not apply in the context of governmental entities and their employees.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to hold these defendants liable under Indiana State Law, they are generally immune for losses which occur within the scope and course of their employment under the Indiana Tort Claims Act, I.C. § 34-13-3-5.

## FIFTH AFFIRMATIVE DEFENSE

Any claims against these Defendants made pursuant to Title 18 U.S.C. § 241 by the Plaintiff are barred as any alleged violation of this particular criminal code section does not confer upon the Plaintiff a private right of action to sue these Defendants in a civil setting.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to hold these defendants liable under Indiana State Law, they are generally immune from any loss which results from the adoption of or the failure to enforce the law under I.C. 34-13-3-3(8) of the Indiana Tort Claims Act.

These Defendants reserve the right to plead additional affirmative defenses as they become known to them.

WHEREFORE, the Defendants, KLEMZ, KNAPP, EROW, and BELL, deny that the Plaintiff is entitled to any relief whatsoever and pray this Honorable Court enter judgment in their favor and/or for any relief deemed just and proper in the premises.

## JURY DEMAND

Defendants demand trial by jury.

Respectfully Submitted,

/s/ Lisa A. Baron
Lisa A. Baron (#30517-64)
KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorneys for Defendants, JESSE KLEMZ,
WILLIAM KNAPP, JAMIE EROW, and
TIMOTHY BELL

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorneys for Defendants, JESSE KLEMZ,
WILLIAM KNAPP, JAMIE EROW, and TIMOTHY BELL
833 West Lincoln Highway, Suite 340E
Schererville, IN  46375-1648
219/322-0830; FAX: 219/322-0834
EMAIL: lbaron@khkklaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

- **Lisa A Baron**
  lbaron@khkklaw.com,balexander@khkklaw.com
- **Elizabeth A Knight**
  Eknight@khkklaw.com

**Manual Notice List**

Chase Richard Caldwell
601 Glendale Blvd
Valparaiso, IN 46383

6757 Answer 15-02-23